JoAnne C. HOUSE and William P. House, Plaintiffs,

v.

Kevin J. KELBEL and Smith & Gesteland, LLP, Defendants,

and

Jeffrey W. House, Janet M. House, Infi–Shield, Inc. and Infi–Shield International, Inc., Plaintiffs,

v.

Smith & Gesteland, LLP, Defendant.

No. Civ 99–915 DSD/JMM.

United States District Court, D. Minnesota.

July 12, 2000.

Thomas J. Vollbrecht, Faegre & Benson, Minneapolis, MN, for plaintiffs Jeffrey W. House, Janet M. House, Infi–Shield, Inc., Infi–Shield International, Inc.

Benjamin S. Houge, Houge Law Office, Minneapolis, MN, for plaintiffs JoAnne C. House, William P. House.

Thomas J. Shroyer, Mathew M. Meyer, Moss & Barnett, Minneapolis, MN, for defendants Kevin J. Kelbel, Smith & Gesteland, L.L.P.

## ORDER

DOTY, District Judge.

This matter is before the court on the objections of plaintiffs Jeffrey W. House, Janet M. House, Infi–Shield, Inc. and Infi–Shield International, Inc. (hereinafter "plaintiffs" or "Infi–Shield plaintiffs") to Magistrate Judge John M. Mason's report and recommendation dated May 11, 2000. In his report, the magistrate judge recommended that the motion of defendant Smith & Gesteland LLP to dismiss the Infi–Shield plaintiffs' complaint [Docket No. 36] be granted. The recommended dismissal is based on the Infi–Shield plaintiffs' failure in this professional malpractice action to provide a second expert affi-

davit within the 180–day time period set by Minn.Stat.Ann. § 544.42, subd. 4. Plaintiffs object to the dismissal, arguing that the statute requires that the court first provide plaintiffs notice and a 60–day period to satisfy the disclosure requirement.

In his report the magistrate judge furnished a thorough and well-reasoned analysis of the notice and 60–day cure period provision, including a complete review of the legislative history of that provision. The court agrees with the magistrate judge's conclusion that the while the statute does provide for notice and an opportunity to cure any "claimed deficiencies" of the expert's affidavit, Minn.Stat.Ann. § 544.42, subd. 6(c), that provision is inapplicable here, where plaintiffs failed to timely provide any affidavit whatsoever.

The Infi–Shield plaintiffs also object to the magistrate judge's finding that they offered no justification for their failure to file the second affidavit within the requisite period. Plaintiffs assert here that good cause does exist to grant an extension. Extensions of the 180–day disclosure period may be provided by the court for good cause shown. *See* Minn.Stat. Ann. § 544.42, subd. 4(b). However, as the magistrate judge explained in his report, plaintiffs made no request to the court to waive or modify the disclosure requirement for good cause. Indeed, at the hearing, the magistrate judge specifically inquired whether good cause had been asserted, to which plaintiffs' counsel replied, "There is nothing listed in our papers at this time." (Transcript of 2/15/200 Mtn. Hrg., p. 19).

Plaintiffs now offer several bases for a good faith extension, including their need to obtain a substitute expert, their good faith belief in the existence of a 60–day cure period and their ultimate compliance with the both letter and spirit of the expert review provisions. While the court is sympathetic to problems that plaintiffs may have experienced in securing a second expert affidavit, the fact remains that they did not properly seek an extension under

subd. 4(b) and the court will not overrule the magistrate judge on the basis of plaintiffs' belated attempts to establish good cause for their inaction.

After conducting a de novo review of the file and record, the court adopts the magistrate judge's report and recommendation.

Accordingly, **IT IS HEREBY ORDERED** that:

1. The motion of defendant Smith & Gesteland, LLP to dismiss the complaint of plaintiffs Jeffrey W. House, Janet M. House, Infi–Shield, Inc. and Infi–Shield International, Inc. [Docket No. 36] is granted and the complaint of the Infi–Shield plaintiffs is dismissed with prejudice. This dismissal does not affect the claims of plaintiffs JoAnne C. House and William P. House against defendants Kevin J. Kelbel and Smith & Gesteland, LLP.

**LET JUDGMENT BE ENTERED ACCORDINGLY** as to the claims of Jeffrey W. House, Janet M. House, Infi–Shield, Inc. and Infi–Shield International, Inc. against Smith & Gesteland, LLP.

## REPORT AND RECOMMENDATION

MASON, United States Magistrate Judge.

The above matter came on for hearing before the undersigned on February 15, 2000 upon the Motion of Defendant Smith & Gesteland, L.L.P., to Dismiss the Complaint of Plaintiffs Jeffrey W. House, Janet M. House, Infi–Shield, Inc. and Infi–Shield International, Inc. [Docket No. 36]. Benjamin S. Houge, Esq. appeared on behalf of Plaintiffs JoAnne C. House and William P. House; Thomas J. Vollbrecht, Esq. appeared on behalf of Plaintiffs Jeffrey W. House, Janet M. House, Infi–Shield, Inc. and Infi–Shield International, Inc.; and Thomas J. Shroyer, Esq. and Mathew M. Meyer, Esq. appeared on behalf of Defendants Kevin J. Kelbel and Smith & Gesteland, L.L.P.

The matter is before the undersigned for a Report and Recommendation to District Court Judge David S. Doty, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B). Upon the following Findings of Fact/Report, it is recommended that the Motion of Defendant Smith & Gesteland, L.L.P., to Dismiss the Complaint of Plaintiffs Jeffrey W. House, Janet M. House, Infi–Shield, Inc. and Infi–Shield International, Inc. [Docket No. 36] be granted.

## FINDINGS OF FACT/REPORT

### I. BACKGROUND

William P. and JoAnne C. House incorporated Infi–Shield, Inc. in September of 1993. They allege that Infi–Shield was to be a vehicle by which they planned to develop and commercially exploit a product that William P. House and his son, William K. House, patented. In December of 1994, William and JoAnne House agreed to sell Infi–Shield to their son and daughter-in-law, Jeffrey and Janet House for $55,000. A separate agreement was made in which a Royalty would be paid to William P. House and William K. House for use of their patent.

Kevin Kelbel, an accountant for Smith & Gesteland, L.L.P., prepared a letter on September 1, 1994 which advised William and JoAnne House on structuring the sale to minimize the tax consequences resulting to them. This letter made reference to the sale of Infi–Shield at a price of $55,000.

On January 4, 1995, Kelbel and Smith & Gesteland provided Jeffrey and Janet House an estimate of the value of Infi–Shield for the purpose of valuing a Grantor Retained Annuity Trust (GRAT). This valuation appraised Infi–Shield at a sum of $16.6 million.

William P. House brought suit against Jeffrey House, Infi–Shield, Inc., and Infi–Shield International, Inc. in the United States District Court for the District of Minnesota in December of 1996. *William P. House, et al. v. Jeffrey W. House, et al.*, No. 4–96–1264 (DSD/JMM). Smith & Gesteland and Kevin Kelbel were also brought into the suit as Defendants.

Plaintiffs alleged that the sale of the company was invalid because Defendants engaged in fraud, theft, racketeering and federal and state securities violations during the transaction. This suit was dismissed with prejudice upon agreement of the parties.

William P. and JoAnne C. House filed a new action against Kevin Kelbel and Smith & Gesteland, L.L.P. in Minnesota State Court, Tenth Judicial District on May 20, 1999. The suit alleged accounting malpractice: that Defendants were aware that Infi–Shield was worth $16.6 million, but failed to notify Plaintiffs that the sale price of $55,000 was grossly inadequate; and that Defendants were also representing Jeffrey and Janet House, but failed to disclose this conflict of interest to Plaintiffs. Defendants removed this case to the United States District Court for the District of Minnesota on June 16, 1999, pursuant to 28 U.S.C. § 1441.

Jeffrey House, Janet House, Infi–Shield, Inc. and Infi–Shield International, Inc. brought suit against Smith & Gesteland, L.L.P. in Minnesota State Court, Tenth Judicial District on June 8, 1999. This suit alleged accounting malpractice: that Defendant also represented William and JoAnne House, but failed to notify either party of their conflict of interest; and that Defendant refused to indemnify Plaintiffs in the prior suit brought by William and JoAnne House against them. This forced Plaintiffs to use funds to defend itself rather than "invest substantial resources in the marketing and development of Infi–Shield" which resulted in substantial diminution in value. Defendant removed this case to the United States District Court for the District of Minnesota on June 29, 1999 pursuant to 28 U.S.C. § 1441. *See Jeffrey W. House, et al. v. Smith & Gesteland, L.L.P.,* Civ. No. 99–1000 (MJD/JGL).

On October 27, 1999, the two cases were consolidated. *Jeffrey W. House, et al. v. Smith & Gesteland, L.L.P.,* Civ. No. 99–1000, was consolidated into *William C. House, et al. v. Kevin J. Kelbel, et al.,* Civ. No. 99–915 (DSD/JMM) by Court Order [Docket No. 20].

On December 28, 1999, Defendant Smith & Gesteland served upon Plaintiff a Notice of Motion and Motion to Dismiss the Complaint of Jeffrey and Janet House, Infi–Shield, Inc. and Infi–Shield International, Inc. [Docket No. 31]. On January 18, 2000, Plaintiffs filed an Affidavit [Docket No. 35] pursuant to Minn.Stat. § 544.42, subd. 4, which provided the identity of two expert witnesses expected to testify at trial, as well as the substance of the testimony of the experts.

On January 25, 2000, Defendant Smith & Gesteland filed the prior noticed Motion to Dismiss the Complaint of Jeffrey W. House, Janet M. House, Infi–Shield, Inc. & Infi–Shield International, Inc. [Docket No. 36] with the Court. Defendant alleges that Plaintiffs failed to submit an affidavit providing the identity of an expert that would testify at trial and the substance of his or her testimony within 180 days of service of the Complaint, as required by Minn.Stat. § 544.42, subd. 4. Defendant argues that the consequence of Plaintiffs' failure is mandatory dismissal of the claims upon motion of Defendant.

Plaintiffs contend that the statute does not provide for dismissal unless notice is provided by the Court of the deficiencies of the affidavit, and the plaintiff fails to cure these deficiencies within 60 days. Plaintiffs concede that the submission of the Affidavit on January 18, 2000 was not within the 180 days, but argue that it was provided prior to any notice of deficiency, and thus within the 60 days provided.

## II ISSUE PRESENTED

This case presents the issue of whether a party who completely fails to provide an affidavit in compliance with Minn.Stat. § 544.42, subd. 2(2) and subd. 4 within the allowed 180 days of service of the complaint receives the 60–day safe harbor referenced in Minn.Stat. § 544.42, subd. 6(c) to correct a deficient affidavit prior to

mandatory dismissal. This issue is one of first impression in this jurisdiction.

## III. DISCUSSION

### A. Requirements of Minn.Stat. § 544.42

Minn.Stat. § 544.42 requires certification of expert review of any claim alleging negligence or malpractice against certain professionals, including certified public accountants. *See* Minn.Stat. § 544.42, subd. 2(1) and (2). Subdivision 2 of the statute reads as follows:

"In an action against a professional alleging negligence or malpractice in rendering a professional service where expert testimony is to be used by a party to establish a prima facie case, the party must:

(1) unless otherwise provided in subdivision 3, paragraph (a), clause (2) or (3), serve upon the opponent with the pleadings an affidavit as provided in subdivision 3; and

(2) serve upon the opponent within 180 days an affidavit as provided in subdivision 4."

The statute thus requires two separate affidavits from the party bringing the suit if the party intends to use expert testimony to establish a prima facie case. Failure to provide either of these affidavits may result in mandatory dismissal of the suit.

1. *Service of Affidavit Along With Summons and Complaint*

The affidavit required by subd. 2(1) must be served "as provided in subdivision 3." Subd. 3 requires that the affidavit establish that an "expert whose qualifications provide a reasonable expectation that the expert's opinions could be admissible at trial" has reviewed the facts of the case and is of the opinion that the "defendant deviated from the applicable standard of care and by that action caused injury to the plaintiff." Minn.Stat. § 544.42, subd. 3(1). This affidavit must be included with the pleadings unless the parties, or the court upon a finding of good cause, agree to waive the requirement, or if expert re-

view could not reasonably have been obtained before commencement of the action due to the statute of limitations, in which case the party must serve the affidavit within 90 days of service of summons and complaint. *See* Minn.Stat. § 544.42, subd. 3(b) and (c).

On June 8, 1999, Plaintiffs Jeffrey and Janet House served the Summons and Complaint on Defendant Smith & Gesteland, alleging accounting malpractice. On August 23, 1999, Defendant Smith & Gesteland filed a Motion to Stay Proceedings [Docket No. 5] pending service by Plaintiffs Jeffrey and Janet House of an affidavit of expert review pursuant to Minn.Stat. § 544.42, subd. 3. This Motion was denied by Magistrate Judge Lebedoff on September 7, 1999, based upon Plaintiffs' representation that the statute would be complied with and the affidavit would be served within 60 days. *See House v. Smith & Gesteland, L.L.P.*, Civ. No. 99–1000 (MJD/JGL) [Docket No. 17]. On October 21, 1999, Plaintiffs served the affidavit required.

The requirement of the first affidavit is not at issue in this Motion. Plaintiffs failed to provide this affidavit with the pleadings, but did provide it within 60 days of Defendants' demand, thus relying on the safe harbor provided in Minn.Stat. § 544.42, subd. 6(a) to comply with subd. 2(1).

2. *Service of Second Affidavit Within 180 Days*

Pursuant to subd. 2(2), the second affidavit must comply with the provisions of subdivision 4. This subdivision requires that the affidavit include: an identification of all experts to be called at trial to testify with respect to negligence, malpractice or causation; the substance of the facts and opinions to which the expert is expected to testify; and a summary of the grounds for the opinion. *See* Minn.Stat. § 544.42, subd. 4. This affidavit must be "serve[d] upon the opponent within 180 days." Minn.Stat. § 544.42, subd. 2(2). The par-

ties acknowledge that the 180–day time for serving the affidavit under subd. 2(2) commences with the service of the Complaint.[1] Extensions may be provided by agreement of the parties or by the court for good cause shown. *See* Minn.Stat. § 544.42, subd. 4(b).

Plaintiffs did not provide the second affidavit within the 180 days of service of the Complaint. The Complaint was served on June 11, 1999. No affidavit was served until January 15, 2000. The parties have not agreed to waive or modify the requirement of the second affidavit, nor have Plaintiffs requested this Court to waive or modify the requirement for good cause. In the Rule 26(f) Report [Docket No. 21] submitted by the parties and filed on November 19, 1999, the parties agreed that issues concerning Minn.Stat. § 544.42 remained, and the Report specifically stated that the parties would be subject to the requirements of the statute. The parties confirmed this in a conference with this Court. (Meyer Aff., ¶ 6 and Exh. 4). It is apparent from this recitation that Plaintiff did not comply with the requirements of Minn.Stat. § 544.42, subdivision 4, (imposed by the provisions of Subdivision 2(2)). The consequences which are to follow from this are specified by the Minnesota legislature in the subdivision 6(c) of the statute, which we consider below.

### 3. *Consequences of Noncompliance*

Minn.Stat. § 544.42, subd. 6 specifies the penalty for failing to comply with the statute. It reads:

> **Penalty for noncompliance.** (a) Failure to comply with subdivision 2, clause (1), within 60 days after demand of the affidavit results, upon motion, in mandatory dismissal of each cause of action with prejudice as to which expert testimony is necessary to establish a prima facie case.
>
> (b) Failure to comply with subdivision 3, paragraph (b) or (c), results, upon motion, in mandatory dismissal of each cause of action with prejudice as to which expert testimony is necessary to establish a prima facie case.

(c) Failure to comply with subdivision 4 results, upon motion, in mandatory dismissal of each action with prejudice as to which expert testimony is necessary to establish a prima facie case, *provided that* an initial motion to dismiss an action under this paragraph based upon claimed deficiencies of the affidavit or answers to interrogatories shall not be granted unless, after notice by the court, the nonmoving party is given 60 days to satisfy the disclosure requirements in subdivision 4. In providing this notice, the court shall issue specific findings as to the deficiencies of the affidavit or answers to interrogatories."

(emphasis added).

Defendants argue that the legislature specified that the consequence which should follow is clearly provided within the statute: "(c) Failure to comply with subdivision 4 results, upon motion, in mandatory dismissal of each action with prejudice as to which expert testimony is necessary to establish a prima facie case." Defendants point out that they have established each of the elements: Plaintiffs did not comply with subdivision 4; expert testimony is necessary to establish a prima facie case; and they have presented a motion. As a consequence, dismissal is mandatory.

Plaintiffs argue that they are entitled to the benefit of the proviso in the statute, requiring that there first be a notice by the court giving them 60 days to satisfy the disclosure requirements. Their January 18, 2000 Affidavit was filed within this period, so if Plaintiffs are entitled to this grace period, the Motion should be denied.

We conclude that Plaintiffs are not entitled to this 60–day period. The "initial motion to dismiss" is not "based upon claimed deficiencies of the affidavit or answers to interrogatories," but upon the

---

**1.** Although the statute does not make this clear, we look to Minn.Stat. § 145.682 for clarification. In § 145.682, the affidavit is required "within 180 days after commencement of the suit." The parties have not raised any arguments concerning this issue.

complete absence of an affidavit. If the statute were read as urged by Plaintiff, it would provide to a Plaintiff 240 days for the filing of the Affidavit, contrary to the express language of subd. 2(2). The additional 60 days are provided for the purpose of avoiding harsh consequences arising from inadvertent drafting errors of which a party might otherwise be unaware, and is available only when an Affidavit is in fact filed within 180 days. This conclusion is supported by an analysis of the language of subdivision 6, as well as by its legislative history.

### B. Analysis of Subdivision 6

Two affidavits are required by Minn. Stat. § 544.42. The substantive requirements of the affidavit required under subdivision 2(1) are set forth in subd. 3. These are straightforward, and will not vary materially from case to case. Thus, under subd. 6(b), the consequence of a failure to timely file this affidavit will result in mandatory dismissal, with no proviso requiring that the party be advised of the substantive omissions. As to the affidavit under subd. 2(2), (contents of which are specified in subd. 4), the substantive requirements will be case specific, and much more detailed. As to these substantive requirements, the legislature provided a method by which a party would be given an opportunity to correct any deficiencies in a timely filed affidavit. But the required deadline for filing the affidavit will not vary from case to case.

The proviso is applicable only if the motion to dismiss is based upon "claimed deficiencies of *the affidavit.*" The legislature also required that "the court shall issue specific findings as to the deficiencies of *the affidavit.*" These phrases demonstrate that the legislature contemplated that the proviso was available only if an affidavit had in fact been filed, and that a party was contending that the timely filed affidavit was substantively deficient. The entire absence of an affidavit could not be said to be a "claimed deficiency of the affidavit." The additional 60 days were provided to permit the substantive deficiencies to be corrected. It would make little sense for the legislature to have required that the court make "specific findings" that the party had missed the deadline, and then give that party another 60 days to file.

### C. Comparison to Minn.Stat. § 145.682

The statute under consideration in this action is similar to the statute that regulates claims for medical malpractice, Minn. Stat. § 145.682. Consideration of the authorities which have construed this statute serve to substantiate our construction of § 544.42, subd. 6.

Minn.Stat. § 145.682 requires a plaintiff in an action for medical malpractice to provide two affidavits with nearly identical content and timing requirements as required in § 544.42. Minn.Stat. § 145.682 was enacted by the legislature in 1986 with the purpose of eliminating frivolous law suits against health care providers. *See Sorenson v. St. Paul Ramsey Medical Center,* 457 N.W.2d 188, 190 (Minn.1990). In drafting § 544.42, the legislature sought to expand the process beyond medical malpractice to actions against the other professions referred to in § 544.42, subd. 1(1). *See* Appendix: Senate Judiciary Committee Hearing on Senate File 627, March 25, 1997, p. 3–4; House Judiciary Committee: Civil and Family Law Division, April 4, 1997, p. 3–4. Accordingly, the legislature used § 145.682 as a blueprint in drafting the language of § 544.42. Proper analysis of this issue requires us to consider Minn. Stat. § 145.682.

§ 145.682 contains a few provisions that are different from that of § 544.42. One of these differences directly pertains to the issue at hand: While § 145.682, subd. 6 requires mandatory dismissal of the cause of action for failure to comply with the procedural or substantive requirements of the second affidavit, § 544.42, subd. 6(c) provides the 60–day proviso discussed previously.[2] Despite the difference, a brief

---

**2.** Other differences between the statutes are:

1) § 145.682 applies to an "action" against a

consideration of Minnesota case law concerning § 145.682, subd. 6 is beneficial to our analysis.

In *Sorenson v. St. Paul Ramsey Medical Center*, 457 N.W.2d 188 (Minn.1990), the Minnesota Supreme Court looked at § 145.682, subd. 6.[3] In dicta, the *Sorenson* Court acknowledged that mandatory dismissal of a suit in which a party provides a substantively deficient affidavit in good faith might be a harsh result. The Court stated that the trial courts should "carefully evaluate the degree of prejudice" that inadequate disclosures cause to the defendant. It went on to state that "[in] borderline cases where counsel for a plaintiff identifies the experts who will testify and give some meaningful disclosure of what the testimony will be, there may be less drastic alternatives to a procedural dismissal," such as allowing the defendant to take a deposition of the plaintiff's expert at the plaintiff's expense. *Sorenson*, 457 N.W.2d at 193.

The Minnesota Supreme Court revisited the affidavit requirement of § 145.682 in *Lindberg v. Health Partners, Inc.*, 599 N.W.2d 572 (Minn.1999). There, the Court determined that when an affidavit only provides the identification of the expert and conclusory statements as to causation, the language of the statute was clear, and that mandatory dismissal was required. The Court stated:

> "Non-affidavit materials, absence of prejudice to defendant, failure of defendant to prove plaintiff's claim is frivolous or failure of defendant to alert plaintiff

to the inadequacy of the affidavit of expert identification will not excuse or justify an affidavit of expert identification falling short of the substantive disclosure requirement. The statute provides for no exception and it is not for the courts to read into a clear statutory scheme something that plainly is not there. Dismissal is mandated under Minn.Stat. § 145.682, subd. 6 when the disclosure requirements are not met and while we certainly recognize that the statute may have harsh results in some cases, it cuts with a sharp but clean edge. It is the legislative choice to implement the policy of eliminating frivolous medical malpractice lawsuits by dismissal."

*Lindberg,* 599 N.W.2d at 578.

The Minnesota Supreme Court seemed to take a step back from the mandatory dismissal required by the language of *Lindberg* in *Anderson v. Rengachary*, 608 N.W.2d 843, 2000 WL 280585 (Minn.2000). In *Anderson* the Court reversed the Court of Appeals, and affirmed the district court's dismissal of a medical malpractice suit in which the plaintiff's affidavit pursuant to § 145.682, subd. 4 did not "clearly set forth the standard of care, the defendant's acts or omissions that allegedly violated the standard, and the chain of causation between these violations and the plaintiff's injury." 608 N.W.2d 843, 2000 WL 280585 at *4. Although following the ruling of *Lindberg,* the Court again noted the dicta used in *Sorenson,* but found that

---

health care provider, while § 544 .42 clarified the definition of "action" to include the original claim, cross-claim, counterclaim or third-party claim; 2) § 145.682 does not specifically allow for a waiver of the requirement of the first affidavit, as does § 544.42; 3) § 145.682 requires that the second affidavit (or the answers to interrogatories providing the information required by the affidavit) be signed by the experts to testify at trial, while § 544.42 does not include this requirement.

**3.** *Sorenson* concerned a medical malpractice suit in which the plaintiff did provide the defendants with the second required expert affidavit. Shortly thereafter, the defendants

moved to compel an answer to interrogatories. On the same date the defendants' motion was filed, the plaintiff submitted a supplemental affidavit, providing more detail than the prior submission. Defendants then withdrew their motion. After waiting 180 days, the defendants again moved for dismissal, arguing that plaintiff's affidavit was substantively deficient, and failed to comply with § 145.682. The Minnesota Supreme Court agreed with the defendants, but denied the motion to dismiss, stating that the defendants' withdrawal of their motion to compel represented to plaintiff that the affidavit was sufficient and allowed plaintiff to rely on it.

the case was not a "borderline case" which an alternative to mandatory dismissal might be considered.

It is clear that if this case had been brought under § 145.682, dismissal would have been required under the statute. The referenced case law shows that the courts have had a difficult time applying the clear language of the statute to the facts of suits brought under the statute. It appears that the Minnesota Supreme Court has attempted to interpret the statute in a manner in which clear procedural violations of the statute require mandatory dismissal, as do violations in which the substantive requirements of the statute are completely disregarded. However, in situations in which an affidavit is submitted in good faith, but is not deemed substantively sufficient, the Court has left an opening in which the court can take an alternative action to mandatory dismissal and allow a case to proceed on the merits.

2. *Legislative Intent in Enacting Minn.Stat. § 544.42 Supports Dismissal of Plaintiffs' Complaint*

Plaintiffs argue that had the legislature intended the result that Defendants' seek for us to reach, they would have used language similar to that of § 145.682 and not allowed for a 60–day grace period. Plaintiffs' argument is well taken. The legislative hearing on § 544.42 makes it clear that the legislature sought to remedy the problems caused in the application of § 145.682. *See* Appendix: Senate Judiciary Committee Hearing at pp. 13–19, 27; House Judiciary Committee at 1997, p. 51–54, 59–60. The legislature decided to propose a new statute for § 544.42 to govern actions against the listed professionals rather than to amend § 145.682 to include them in order to prevent some of the problems in applying § 145.682. See Appendix: Senate Judiciary Committee Hearing at p. 18.

We do not, however, agree with Plaintiffs' argument that the case cannot be dismissed without allowing a 60–day period for Plaintiff to file an affidavit. The legislature attempted to remedy the problems associated with the mandated dismissal of cases in which an affidavit submitted in good faith was not sufficiently specific or procedurally perfect. They did so by providing an opportunity to supplement a deficient affidavit provided in good faith within sixty days of notice of the deficiency. We do not believe that the legislature intended to extend this opportunity to a party who completely fails to provide an affidavit.

In the legislative hearings, concern was expressed regarding cases in which § 145.682 applied and the defendant would file a motion to dismiss based on technical defects to an affidavit submitted in good faith. A specific example provided in the hearing of a situation that the legislature was attempting to prevent was a case in which the defendant in a suit brought a motion to dismiss based on § 145.682 when the plaintiff failed to include a signature page with the affidavit. *See* Appendix: Senate Judiciary Committee Hearing at p. 16; House Judiciary Committee at p. 59.[4] In situations such as this, where the claimant might have a meritorious case and attempted in good faith to comply with the statute, the legislature sought to provide the claimant with an opportunity to supplement the affidavit and proceed with the case for a determination on the merits.

We believe that the intent of the legislature was to allow for a procedure in accord with the dicta language in *Sorenson*. This procedure would enable a moving party the opportunity to oppose the submitted affidavit and seek for the court to make a determination as to the sufficiency of the affidavit. If deemed deficient by the court, the nonmoving party would be provided notice by the court, and granted a

---

4. The Senate Judiciary Committee made specific reference to the application of the statute by the Minnesota Supreme Court in *Sorenson,* supra, and *Stroud v. Hennepin County Medical Center,* 556 N.W.2d 552 (1996).

60–day period to cure the deficiencies. This procedure allows for cases to be determined on the merits while still providing a way to prevent frivolous suits from being heard.

Further support for this finding is located in the legislature's drafting of subd. 6(a) of § 544.42, which concerns the penalty of noncompliance with subd. 2(1), which is the requirement of the first affidavit to be included with the pleadings. In this subdivision, mandatory dismissal will not be granted unless the moving party makes a demand to the nonmoving party for the affidavit, and it is not supplied within 60 days. Had the legislature intended to allow a party that fails to submit the affidavit required by subd. 4 sixty more days, it could easily have included a provision similar to that of subd. 6(a), and required the moving party to demand the affidavit.

This procedure would allow for a defendant to file a motion to dismiss based upon perceived deficiencies in the affidavit. The court could then allow for a hearing on the matter, and make a specific finding as to the sufficiency of the substance of the affidavit. If the affidavit was deemed sufficient, the motion would be denied and the case could proceed on the merits. If it was deemed deficient, the court would be required to issue a specific finding as to the deficiencies, and Plaintiff would be provided 60 days to cure the deficiencies. Defendant could then consider the sufficiency of the amended affidavit, and have the option of again filing a motion to dismiss for the court to consider without the possibility of providing the 60 days to cure.

To construe § 544.42, subd. 6(c) to allow for 60 extra days for the plaintiff to provide the affidavit at all would be an absurd result. It would allow the plaintiff to disregard the requirement, and if the defendant failed to move for dismissal, the case would proceed without the plaintiff having met the requirement. If the defendant did file the motion, the court would have to provide a hearing and issue a specific finding that the plaintiff did not provide the affidavit. Then the plaintiff would receive an extra 60 days to do so. This construction of the statute could allow for an excessive amount of time to pass without the plaintiff establishing that the case has merit: the plaintiff would receive the initial 180 days, the amount of time it takes the court to hold a hearing and issue a finding, and finally 60 more days. This type of delay is not what the statute intends.

### 3. *Dismissal is Proper Pursuant to the Procedural History of This Case*

Plaintiffs cannot argue that they were unaware of the application of Minn.Stat. § 544.42 to the present case. They were initially made aware of the affidavit required by subd. 2(1), but failed to file the first affidavit with the pleadings as required. Plaintiff then moved to stay the proceedings until the affidavit was provided. This Motion was denied, based upon Plaintiffs' representation that the affidavit would be provided within 60 days. In the Rule 26(f) Report issued by the parties, Plaintiffs also acknowledged that Minn. Stat. § 544.42 applied to this case. This fact was also specifically confirmed by Plaintiffs in a pretrial conference with this Court.

■ To accept Plaintiffs' argument would be to conclude that these four specific references of the application of § 544.42 were not enough to inform Plaintiffs of the procedural requirements of the statute. Despite these notices, the Court would be required to make a finding of fact that Plaintiff failed to provide the affidavit required, essentially warning them for the fifth time before dismissal would be allowed. Had the violation of the statute been a substantive one, rather than procedural, different concerns would exist. Plaintiffs might then justify the failure to comply with the statute, and deserve another opportunity to do so. By failing to provide the affidavit at all, Plaintiffs' Complaint is "frivolous per se," and should be dismissed. *Sorenson,* 457 N.W.2d at 191 (A malpractice action under § 145.682 without supporting expert testimony is

frivolous per se, and statute was designed to eliminate such cases).

### CONCLUSION

Plaintiffs Jeffrey House, Janet House, Infi–Shield, Inc. and Infi–Shield International, Inc. have conceded on several occasions that Minn.Stat. § 544.42 applies to the current matter. They have made representations to this Court and to Defendants that they would submit the required affidavits within the required time. The action commenced on June 11, 1999 when service was acknowledged by Defendant. The 180–day time period allowed for the affidavit required by § 544.42, Subd. 2(2) expired on December 11, 1999, and Plaintiffs still had not filed the necessary affidavit. In failing to comply with § 544.42, mandatory dismissal of the claim is required.

### RECOMMENDATION

For the reasons set forth above, it is recommended that the Motion of Defendant Smith & Gesteland, L.L.P., to Dismiss the Complaint of Plaintiffs Jeffrey W. House, Janet M. House, Infi–Shield, Inc. and Infi–Shield International, Inc. [Docket No. 36] be granted.

May 9, 2000.